IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CONSTANCE R. SMITH )
)
v. ) NO. 3:16-3314
)
HENRY QUEENER )

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

By Order entered January 11, 2017 (Docket Entry No. 2), the Court referred the above captioned case to the Magistrate Judge for case management, decision on all pretrial, nondispositive motions and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1), and to conduct any necessary proceedings under Rule 72(b) of the Federal Rules of Civil Procedure.

Presently pending before the Court is Defendant's motion to dismiss (Docket Entry No. 14), to which Plaintiff has responded in opposition. *See* Docket Entry Nos. 18 & 20. For the reasons set out below, the undersigned Magistrate Judge respectfully recommends that the motion be granted and this action be dismissed.

## I. BACKGROUND

Constance R. Smith ("Plaintiff") filed this federal lawsuit *pro se* on December 29, 2016, against Henry Queener, an attorney in Nashville, Tennessee. Defendant previously represented Plaintiff in a personal injury lawsuit filed in this Court in 2014, *Smith v. Smith*, No. 3:14-1455 ("2014 Case"). The 2014 Case, in which Plaintiff sought damages for injuries she suffered in an automobile accident, was dismissed with prejudice pursuant to a settlement and a stipulation of dismissal filed by the parties. *See* Docket Entry No. 20 in 2014 Case.

In the instant lawsuit, Plaintiff alleges that Defendant was negligent and committed legal malpractice in the 2014 Case. Specifically, she contends that Defendant improperly evaluated and

settled her case by using insufficient medical reports that inadequately assessed the injuries she suffered in the automobile accident. *See* Complaint (Docket Entry No. 1). She alleges that both Defendant and the mediator in the 2014 Case discounted her concerns during the mediation, and she appears to allege that she only recently discovered her true injuries. *Id*. She seeks to "set aside the ruling" and to recover "full compensation as relief from false, faulty information being used to settle my case" and "any other damages that may apply." *Id*. at 2. As the grounds for filing her lawsuit in federal court, she asserts "discovery of harm/discovery of loss." *Id*. at 1.

In lieu of an answer, Defendant filed the pending motion seeking dismissal under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendant argues that the Court lacks subject matter jurisdiction because the Complaint does not show a basis for federal jurisdiction. *See* Memorandum in Support (Docket Entry No. 15). Defendant contends that there is no assertion in the Complaint showing a federal question under 28 U.S.C. § 1331 and that Plaintiff fails to establish a basis for diversity jurisdiction under 28 U.S.C. § 1332 because she does not assert a sufficient amount in controversy and because she states that she is "a resident of [Tennessee], living abroad" and, thus, fails to show diversity of citizenship between the parties. Alternatively, Defendant argues that Plaintiff fails to state a claim for relief against him.

Plaintiff's response is two-fold. First, she asserts that diversity of citizenship jurisdiction exists because her damages amount to $575,00.00 and she is a resident of both Bermuda, *see* Response (Docket Entry No. 18) at 2, and Alabama, *see* Amended Response (Docket Entry No. 20) at 3, and is, thus, diverse from Defendant. She further contends that violations of her Fifth and Seventh Amendment rights occurred. *See* Response at 2. Second, Plaintiff disputes that she has not stated timely and viable claims for relief against Defendant, arguing several theories in support of her claims. *See* Response and Amended Response.

Defendant replies that the new factual allegations made by Plaintiff in her responses to the motion to dismiss cannot be considered because they are not set out in the Complaint itself. *See*

Reply (Docket Entry No. 21) at 1-2. Defendant also sets forth additional arguments that Plaintiff fails to state a claim upon which relief can be granted. *Id*. at 2-5.

### III. ANALYSIS AND CONCLUSIONS

The federal courts of the United States are not courts of general jurisdiction and are not empowered to adjudicate any lawsuit for which a filing fee is paid. Rather, the federal courts may hear only those cases falling within the judicial power of the United States as defined in the Constitution, or those matters specifically committed to their authority by an act of Congress. Generally, to establish subject-matter jurisdiction, a plaintiff's complaint must show either the existence of a federal question, pursuant to 28 U.S.C. § 1331, or diversity of the parties involved in the lawsuit, pursuant to 28 U.S.C. § 1332. The issue of the Court's subject matter jurisdiction to hear a case is a threshold issue. *See New Hampshire Co. v. Home Sav. & Loan Co. of Youngstown, Ohio*, 581 F.3d 420, 423 (6th Cir. 2009); *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 890 (6th Cir. 1998). As the party invoking federal jurisdiction, Plaintiff bears the burden of establishing that subject matter jurisdiction exists. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *Lewis v. Whirlpool Corp.*, 630 F.3d 484, 487 (6th Cir. 2011).[1]

Defendant's motion raises a facial challenge to the sufficiency of the Complaint. Rule 8(a)(1) of the Federal Rules of Civil Procedure requires that the Complaint contain "a short and plain statement of the grounds for the court's jurisdiction." Plaintiff's Complaint contains no such statement and is completely lacking in the assertion of any basis for federal jurisdiction over her lawsuit. Additionally, the statement in Plaintiff's Complaint that she is a resident of Tennessee negates even a liberal construction of the Complaint as asserting diversity jurisdiction under

---

[1] Where a defendant brings a motion to dismiss on multiple grounds under Federal Rule of Civil Procedure 12, courts are "bound to consider the 12(b)(1) motion first, since the [alternative] challenge[s] become[ ] moot if th[e] court lacks subject matter jurisdiction." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (citing *Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946)).

28 U.S.C. § 1332. Thus, the Complaint, as written, is subject to dismissal for lack of subject matter jurisdiction.

Because Plaintiff is proceeding *pro se*, however, the Court will construe her responses to the motion to dismiss as an attempt to amend her Complaint and clarify her statement of the basis for federal jurisdiction. Even when given this liberal benefit, Plaintiff fails to show that federal jurisdiction exists over her lawsuit.

Plaintiff appears to attempt to assert a federal question by contending that her federal constitutional rights, specifically her Due Process and Seventh Amendment rights, were violated. *See* Response at 2. However, more is required than a mere cursory reference to an alleged constitutional violation to show that federal question jurisdiction exists under 28 U.S.C. § 1331. A federal court will exercise jurisdiction over a claim only if the federal claim is "substantial." *Levering & Garrigues Co. v. Morrin*, 289 U.S. 103, 105–06, 53 S.Ct. 549, 77 L.Ed. 1062 (1933). A claim that is obviously implausible, completely devoid of merit, or is frivolous fails to raise a substantial question. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n.10, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006) ("A claim invoking federal question jurisdiction under 28 U.S.C. § 1331 ... may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous.") (citation and internal quotation marks omitted); *Hagans v. Lavine*, 415 U.S. 528, 537-38, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974).

Athough Plaintiff makes a cursory assertion that her federal constitutional rights were violated by Defendant, her assertion is woefully inadequate to raise a colorable federal claim. Section 1983 of Title 42 provides the statutory vehicle to obtain a civil remedy for the violation of a plaintiff's constitutional rights. However, a plausible claim under Section 1983 requires that the defendant have acted under color of state law in committing the alleged conduct. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). Plaintiff has made no factual allegations showing that Defendant acted under color of state law. Indeed, the only allegations made

against Defendant involve his role as an attorney representing Plaintiff in the 2014 Case. However, a private attorney does not act under color of state law merely by representing a party in litigation. *See Harmon v. Hamilton Cty. Court of Common Pleas*, 83 Fed.App'x 766, 767 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708 (6th Cir. 1999). Accordingly, Plaintiff fails to set out a plausible claim substantial enough to satisfy federal question jurisdiction under 28 U.S.C. § 1331. *Taylor v. United States*, 81 F.3d 161 (6th Cir. 1996) (Table Decision) (court lacked subject matter jurisdiction over Section 1983 claims because the claims were not viable due to lack of state action); *Long v. Tolliver*, 886 F.2d 1316 (6th Cir. 1989) (Table Decision ) (Section 1983 claim against private defense attorney who did not act under color of state law were so meritless that the Court lacked subject matter jurisdiction).

Plaintiff fares no better in showing diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Although Plaintiff clearly asserted in her Complaint that she is resident of Tennessee, *see* Complaint at 1, she now appears to disavow this assertion and contends, instead, that she has sufficient financial, property, and personal links to Alabama to be considered a resident of that state. *See* Amended Response at 3-4. Nonetheless, Plaintiff also candidly acknowledges in her filings in this case, *see* Complaint at 1; Response at 2; and Amended Response at 4, as well as in the 2014 Case,[2] that she is currently a full-time resident of Bermuda, has been living, working, and residing in Bermuda for the past several years, and plans to remain in Bermuda until she retires and returns to Alabama.

To establish diversity jurisdiction under 28 U.S.C. § 1332(a)(1), Plaintiff must be, 1) a citizen of the United States, and, 2) a citizen of a particular state, different from that of which Defendant is a citizen. *See Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 829, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989). Citizenship for purposes of the diversity statute is synonymous with Plaintiff's domicile. *Kaiser v. Loomis*, 391 F.2d 1007, 1009 (6th Cir. 1968). A person may have

---

[2] Plaintiff filed an affidavit in the 2014 Case in which she stated that she had lived and worked in Bermuda for 12 years and did not intend to leave Bermuda. *See* Docket Entry No. 16-1 in 2014 Case.

5

only one domicile at a time. *See Eastman v. Univ. of Michigan*, 30 F.3d 670, 672-73 (6th Cir. 1994). Under the facts alleged by Plaintiff, her current domicile is Bermuda. Although Plaintiff sets out allegations showing her connection to Alabama and although she professes an intention to permanently move to Alabama at some point in the future, her own allegations show that she has established a current domicile in Bermuda, not Alabama. Residence within a domicile is a determining factor for establishing domicile, *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990), but Plaintiff does not actually reside in Alabama. Further, Plaintiff's stated intention to permanently move to Alabama at some point in the future is an insufficient basis upon which to establish a current domicile in that state. *See Gilbert v. David*, 235 U.S. 561, 570, 35 S.Ct. 164, 59 L.Ed. 360 (1915).

Plaintiff's domicile in Bermuda renders her "stateless" for the purposes of determining diversity jurisdiction. *Newman–Green*, 490 U.S. 828; *National Enterprises, Inc. v. Smith*, 114 F.3d 561, 566 (6th Cir. 1997). Simply put, an American citizen domiciled and living abroad "cannot be sued (or sue) in federal court based on diversity jurisdiction." *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 184 (3d Cir. 2008). At the present time, Plaintiff simply cannot establish diversity of citizenship with Defendant under 28 U.S.C. § 1332 because she is not a citizen of any state. *National Enterprise*, *supra*.

## RECOMMENDATION

Based on the foregoing, the undersigned Magistrate Judge respectfully RECOMMENDS that Defendant's motion to dismiss (Docket Entry No. 14) be GRANTED and this action be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.[3]

---

[3] In the event that the Court declines to adopt the recommendation for dismissal because of lack of subject matter jurisdiction, the absence of factual allegations showing that Defendant acted under color of state law warrants dismissal of any Section 1983 claim raised by Plaintiff for failure to state a claim upon which relief can be granted. Upon the dismissal of the only claim over which federal question jurisdiction would exist, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims in accordance with 28 U.S.C. § 1367(c)(3).

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge